Timothy R. Kurtz, ISB No. 8774
CHAPTER 7 BANKRUPTCY TRUSTEE
P.O. Box 956
Boise, ID 83701
Telephone (208) 287-8125
Facsimile (208) 287-8130

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re: | Case No. 21-00086-JMM |
|---|---|
| Mitchell, Angelina Audrey | Chapter 7 |
| Debtors. | **AMENDED TRUSTEE'S OBJECTION TO EXEMPTION** |

**NOTICE OF OBJECTION TO EXEMPTION AND OPPORTUNITY TO OBJECT AND FOR A HEARING**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within **14** days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

TO THE ABOVE NAMED COURT, THE DEBTORS AND DEBTORS' ATTORNEY:

**NOTICE**

YOU ARE HEREBY NOTIFIED that the Trustee of the above estate objects to the following exemption(s) claimed by the debtor(s) in this proceeding:

| Asset | Specific Law | Value of Exemption |
|---|---|---|
| 7933 W. Sonara Rd. Caldwell, Idaho 83607 | § 55-1003 | $175,000.00 |

**AMENDED TRUSTEE'S OBJECTION TO EXEMPTION - 1**

YOU ARE FURTHER NOTIFIED that the Trustee will ask the Court to grant an Order sustaining the objection(s) without further hearing unless a written reply to the Trustee's objection is filed in duplicate within fourteen (14) days from the date this objection is mailed. File the original (1) with the U.S. Bankruptcy Court, 550 W. Fort St., Boise, ID 83724; and (2) a copy with the Trustee. A written response to the Trustee's objection must be set for hearing and notice thereof mailed to parties in interest.

## OBJECTION

Trustee objects to the Debtors' claim of exemption in the above-listed property, as the property may not be covered, in whole or in part, by the exemption statute listed.

The Debtor, Angelina Audrey Mitchell, is a co-owner of the real property located at 7933 Sonara Rd., Caldwell, Idaho 83607 (the "Property"). She co-owns 1/3 of the Property with two other individuals, Timothy Ryan and Misha Veloz. The Debtor, however, maintains her principal residence at 2462 N. Locust Grove Rd., Meridian, Idaho 83646 (her "Apartment" or "Principal Residence"). The Trustee is hereby objecting to the Debtor's claim of exemption because the Property is not the Debtor's principal residence as required for a claim of exemption under Idaho law.

The Debtor amended her schedules on May 25, 2021 to claim the full $175,000.00 exemption under Idaho Code § 55-1003. Thereafter, on June 21, 2021, the Trustee timely filed a Motion to Extend Time to Object to Exemptions (CR 25). The Court granted Trustee's Motion and extended the deadline to file an objection to Debtor's claimed exemptions to July 21, 2021 (CR 26). This Objection is being timely filed pursuant to the Court's Order.

A homestead exemption is established either automatically, by the debtor's occupation of a home as [her] principal residence, or through the execution and recordation of an appropriate declaration. Idaho Code § 55–1004(2); *In re Moore,* 269 B.R. 864, 869 (Bankr.D.Idaho 2001). *In re Ashton*, No. BR 12-02025-JDP, 2013 WL 211243, at *2 (Bankr. D. Idaho Jan. 18, 2013). Thus, under Idaho law, a valid homestead may be established in either of two ways: automatically or by declaration. Idaho Code § 55–1004(1). Because Debtor has filed no declaration of homestead, she must meet the requirements for an automatic homestead in order for the Property to be exempt. *Id*.

In Idaho, an automatic homestead arises "from and after the time the property is occupied as a principal residence by the owner...." Idaho Code § 55–1004(1). *In re Ashton*, No. BR 12-02025-JDP, 2013 WL 211243, at *3 (Bankr. D. Idaho Jan. 18, 2013). In determining whether a debtor's residence is a *principal* residence, the Court considers the facts on a case-by-case basis. *See, e.g. In re Capps,* 438 B.R. 668 (Bankr.D.Idaho 2010).

The Debtor testified at the 341 meeting of creditors on March 25, 2021 ("March 341") and then during a continued 341 meeting of creditors on April 22, 2021 ("April 341"). The Debtor testified at the March 341 meeting that she does not make payments on the mortgage for the Property, but only pays rent in the amount of $1,050.00 per month for her Apartment. This is the amount of rent that Debtor disclosed in her petition. Her daughter, Misha Veloz, and

**AMENDED TRUSTEE'S OBJECTION TO EXEMPTION - 2**

Timothy Ryan, as the other co-owners of the Property, make the payments on the mortgage for the Property.  She also testified that her mailing address is the Apartment.  During the March 341 meeting she testified that she stays at the Apartment 12 days a month, but then during the April 341 she changed her testimony to state that she stays at the Apartment more than 50% of the time.  Thereafter, the Trustee requested additional information be provided for the April 341 meeting, including mortgage statements for the Property.  The Debtor disclosed a mortgage statement, dated August 20, 2019, listing Timothy Ryan and the Debtor on the mortgage statement, however, the April mortgage statement, dated March 18, 2021, excludes the Debtor and only lists Timothy E. Ryan and Misha Veloz on the statement. ***Attached as Exhibit A are true and correct copies of mortgage statements for the Property.***  Thus, at the time that the Debtor filed bankruptcy on February 18, 2021, the Debtor was not listed on the mortgage statement for the Property.

During the April 341 meeting the Debtor testified that she lives at the Apartment "as much as she can because she has appointments to go to," and that she stays at the Apartment more than half the time each month.  Thus, she testified that she resides at the Apartment more than the Property.  She testified that she has resided at the Apartment for over 10 years, and that she stays at the Property on the weekends and during holidays.  She testified that she has never filed a Declaration of Homestead for the Property.

After the April 341 meeting, the Trustee contacted the other homeowners, Timothy Ryan and Misha Veloz, through their counsel, Hyrum Zeyer, and obtained copies of all of the utility bills for the Property for the relevant periods of time through the date of filing. ***Attached as Exhibit A are true and correct copies of utility bills and the Gem County Tax Statement for the Property, given to the Trustee by Misha Veloz and Timothy Ryan***.  The Debtor is not listed on any of the utility bills for the Property.  Rather, Misha Veloz and Timothy Ryan are the only listed individuals for the utility bills.  Ms. Mitchell is also not listed on the Gem County Tax Statement for the Property.

Based upon the testimony at the March 341 meeting and the April 341 meeting, and the documentation disclosed to the Trustee, it is clear that the Property is not the Debtor's principal residence.  Rather, the Debtor maintains her principal residence at the Apartment.  Therefore, the Trustee is hereby objecting to the claim of exemption on the Property.

If this Objection is objected to, then the Trustee will notice an evidentiary hearing before the Court to establish that the Property is not the Debtor's principal residence.

Date: July 27, 2021                                        /s/  Timothy R. Kurtz
                                                           Chapter 7 Bankruptcy Trustee

**AMENDED TRUSTEE'S OBJECTION TO EXEMPTION - 3**

## CERTIFICATE OF SERVICE

I hereby certify that on this date as indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the individuals so noted below.  I further certify that, on the same date, I have mailed by United States Postal Service the foregoing document to the following non-EM/ECF Registered Participant(s) either listed below or on an attached list.

*Electronic Notification*

- US Trustee    ustp.region18.bs.ecf@usdoj.gov

Alexandra O. Caval    alex@cavallawoffice.com

*Served by U.S. MAIL*

Angelina Audrey Mitchell
2462 N Locust Grove Rd
Meridian, ID 83646

/s/  Timothy R. Kurtz
Date: July 27, 2021

**AMENDED TRUSTEE'S OBJECTION TO EXEMPTION - 4**