**Alexandra O. Caval, ISB#7999**
**Caval Law Office, P.C.**
**P.O. Box 1716**
**Twin Falls, ID 83301**
**T: 208.733.2035**
**F: 208.733.3919**
alex@cavallawoffice.com

*Attorney for Angelina Mitchell*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE:** | **CHAPTER 7** |
| **ANGELINA A. MITCHELL** | **CASE NO.  21-00086-JMM** |
| **Debtor.** | |

**RESPONSE TO TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION**

NOW COMES the debtor, Ms. Mitchell, by and through her attorney, and files this Response to the Trustee's Amended Objection to the Claim of Exemption which was filed on July 27, 2021 (Dkt. No. 32). The chapter 7 trustee objects to the debtor's homestead exemption pursuant to Idaho Code §55-1003 in the amount of $175,000 on the debtor's residence which is located at 7933 W. Sonara Rd, in Caldwell, Idaho.

*Trustee's Objection*

The trustee asserts that the debtor's automatic homestead exemption fails because the Sonara Rd residence is not the debtor's "principal residence" since the debtor also maintains an apartment in Meridian, Idaho. The trustee contends the Sonara Rd property is not the debtor's "principal residence" for a litany of reasons including: (1) the debtor doesn't make the mortgage payments on the Sonara Rd property; (2) the apartment address was listed as the mailing address

on the petition; (3) the debtor testified at her first 341 meeting that she spent 12 days a month at the apartment and more than 50% of the time at the second 341 meeting; (4) the debtor is not listed on the mortgage statement dated 3/18/2021; (5) the debtor has had the apartment for ten years; (6) the debtor is not listed on the utility bills; and (7) the debtor is not listed on the Gem County Tax Statement for the property. The trustee's argument fails because Ms. Mitchell established an automatic homestead in the Sonara Rd residence in August 2017 and she has not abandoned the property since that time.

*Background*

Ms. Mitchell first rented the Meridian apartment in 2011. She signed yearly leases for the apartment until 2017. When the debtor's apartment lease expired on or about June 2017, she ceased signing yearly leases. In 2016 the debtor, her daughter Misha, and Misha's fiancé Timothy, began building the home located at 7933 W. Sonara Rd in Caldwell, Idaho and construction on the home finished in 2017. The debtor, together with Misha and Timothy, moved into the property on August 4, 2017. In 2016 when the parties applied for an FHA-backed 30-year mortgage with a construction loan rider, the debtor contributed the 3.5% down payment required for the mortgage which totaled $7,557.38. The debtor signed the promissory note and the deed of trust associated with the loan.

On or about October 6, 2017 the debtor, together with Misha and Timothy, applied for the Owner Occupied Residential Exemption (the homeowners exemption) with the Gem County Assessor. The debtor certified that she was an owner and that she was occupying the 7933 W. Sonara Rd. property as her primary dwelling as of August 4, 2017. The form was signed by the debtor, Misha, and Timothy. A true and correct copy of the Homeowners Exemption Application is attached hereto as Exhibit "A." The residence located at 7933 W. Sonara Road has been the

RESPONSE TO TRUSTEE'S OBJECTION – PAGE 2

debtor's primary residence since August 4, 2017 and she has not abandoned the homestead nor vacated it for a period of six months or longer.

On or about August 22, 2019, the debtor, Misha, and Timothy refinanced the loan to obtain a better interest rate. The debtor signed the promissory note and the deed of trust in favor of Nationstar d/b /a Mr. Cooper. A true and correct copy of the 2019 promissory note and deed of trust are attached hereto as Exhibit "B". The debtor has always been insured as a homeowner of the Sonara Rd. property. Attached hereto as Exhibit "C" is a true and correct copy of the 2020-2021 Allstate Policy Declaration that was in effect on the petition date.

The debtor also used the Sonara Rd address as her mailing address through the date of filing. The credit card statements attached to proofs of claim no. 2 (Discover Bank), 3 (Citi Card), 4 (Citi Card), 8 (Chase), 9 (Chase), and 10 (Lowe's) all demonstrate that the debtor used the Sonara Rd. address as her mailing address for her bills. Attached hereto as Exhibit "D" are the relevant portions of proofs of claim no. 2,3,4,8, 9 and 10. The debtor has never filed a change of address form with the post office or with her creditors.

The debtor is 78 years old and has significant medical issues. She is retired. The debtor has a roster of approximately sixteen specialists that she sees on a regular basis for various conditions. Her doctors are located in Meridian, Idaho. She is able to drive but only during daylight hours because she cannot see well enough to drive at night. The distance between the Sonara Rd. residence and the debtor's medical providers in Meridian is approximately 37 miles each way because the debtor does not drive on the interstate. The debtor drives herself to her medical appointments. The debtor kept her Meridian apartment in order to drive herself to her medical providers without fear of being stranded in Meridian and not being able to drive back in the dark. Keeping the Meridian apartment was also more cost-effective compared to medical transport

services provided by third parties which are not covered by the debtor's insurance providers. The Meridian apartment has been leased on a month-to-month basis since June 2017 and treated by the debtor as a short-term rental. The debtor has not sought to have her interest in the Sonara Rd residence bought out by either Misha or Timothy since moving into it. Nor has the debtor attempted to purchase a replacement home.

When the debtor filed this chapter 7 case on February 18, 2021 she listed the Sonara Rd residence as the place where she lived. She further listed an ownership interest in the Sonara Rd residence and claimed a homestead exemption on that interest. She further indicated on the Statement of Intention her desire to retain the residence.

*Analysis*

In Idaho, debtors are permitted to claim an exemption in a qualifying homestead. See Idaho Code §55-1001 et seq.  A homestead exemption is established either automatically, by the debtor's occupation of a home as his or her primary residence, or through the debtor's execution and recordation with the county of an appropriate declaration.  Idaho Code §55-1004(2). Once properly established, the debtor may exempt up $175,000 in equity in the home.  Idaho Code §55-1003.

The trustee, as the objecting party, bears the burden of proving that the debtor's claim of exemption is not proper. *In re Younger*, 373 B.R. 111, 113  (Bankr.D.Idaho 2007) (citing *In re Kline*, 350 B.R. 497, 502 (Bankr.D.Idaho 2005)). The validity of the claimed exemption is determined as of the petition date and the homestead exemption statutes are to be liberally construed in favor of the debtor. *Id*.

The central issue that this Court must decide is whether this debtor had abandoned the Sonara Rd property as of the petition date. As this Court noted in *Salinas*, there are several factors that must be evaluated when determining whether a debtor has abandoned a homestead. *In re*

*Salinas,* 04.3 I.B.C.R. 110, 112 (Bankr.D.Idaho 2004). First, the Court must consider "the absence of evidence that the debtor had an actual intent to abandon." Second, whether the debtor has demonstrated "an intent not to abandon manifested by the assertion of the exemption in the bankruptcy schedules." *Id*. Lastly, the Court must consider whether the "debtor's current residence is in the nature of a short-term rental." *Id*.

In *Salinas*, the Court was asked to determine whether a debtor's year-long absence from the homestead, during which she attempted to reconcile with her husband, resulted in an abandonment of her homestead. *Id* at 110. The Court held that Mrs. Salinas had not abandoned her homestead because she had left her adult sons at the home, continued to receive her mail there, had left the bulk of her possessions at the home, and also stayed at the home when reconciliation was not fairing well. *Id* at 112. Moreover, the debtor's explanation for the absence – an attempt at reconciliation – was a reasonable explanation for the move from the homestead to the house she had rented with her husband. Lastly, the debtor never took any actions that showed she was clearly repudiating her homestead. *Id.*

Similarly, in *Millsap*, the Court was asked to determine whether a debtor could claim a homestead exemption in a cabin that he stayed at periodically while the debtor spent the majority of his time living in an apartment in Spokane to be closer to work. *In re Millsap*, 91 I.B.C.R. 5 (Bankr.D.Idaho 1991). The Court held that the debtor's explanation for the absence from the homestead was reasonable. The *Millsap* Court explained, "While the debtor and his dependents occasionally lived elsewhere, he did not intend to abandon the residence as his home, and the temporary absence from the residence were occasioned by reasonable causes. The absences were not inconsistent with his right to the specific homestead claimed." *Id* at 7. The Court in *Millsap*

RESPONSE TO TRUSTEE'S OBJECTION – PAGE 5

held that the debtor had a valid homestead exemption in the cabin even though he spent considerable periods of time elsewhere. *Id*.

*In re Couch-Russell* is another case involving both a homestead property and a rental property where the Court was asked to determine the validity of the debtor's claimed homestead exemption. 03.4 I.B.C.R. 230 (Bankr.D.Idaho 2003). In *Couch-Russell*, the debtor purchased a cabin near Smith's Ferry. *Id* at 231. Less than a year later she moved into a rental property in Boise. *Id*. The debtor and her fiancé lived in the Boise rental to be closer to work and to medical providers. *Id* at 233. Debtor testified that she occasionally returned to Smith's Ferry for weekends or short visits. *Id* at 231-32. Additionally, the debtor and her husband commuted from Smith's Ferry to Boise and had jobs that allowed them to do so. *Id* at 234. The debtor also had never put the Smith's Ferry property up for sale. *Id*. On her bankruptcy petition the Debtor claimed a homestead in the Smith's Ferry property and a creditor objected. *Id*. These facts led the court in *Couch-Russell* to conclude that the creditor had failed to carry the ultimate burden of proving that the debtor's homestead exemption was improper. *Id*.

This case falls within the parameters of *Millsap*, *Salinas, Couch-Russell* and their progeny.[1] The evidence demonstrates that Ms. Mitchell moved into the Sonara Rd. property in August 2017. She stopped renewing her yearly apartment lease and began treating the apartment as a short-term rental. She contributed the 3.5% down payment required for the conventional FHA-backed mortgage. She signed the promissory note and the deed of trust. She moved into the Sonara road property and she applied and received the homeowners exemption based on her certification that she was an owner and occupant of the Sonara Rd property. Pursuant to Idaho Code §55-1004

---

[1] See also *In re Jelavich*, 02.2 I.B.C.R. 95 (Bankr.D.Idaho 2002), *In re Forshee*, No. 09-42007-JDP (Bankr.D.Idaho Sept. 16, 2010), *In re Younger*, 373 B.R. 111 (Bankr.D.Idaho 2007).

RESPONSE TO TRUSTEE'S OBJECTION – PAGE 6

the automatic homestead exemption arose in the Sonara Rd. property in August 2017 because she was an owner of the property and because she was occupying it as her principal residence.

Ms. Mitchell has not abandoned the Sonara Rd property as her homestead. She has not been absent from the property for a period of six months or longer. In fact, in 2019 she chose to refinance the mortgage along with Misha and Timothy in order to obtain a better interest rate. She had the opportunity to remove her name from the loan and the title but did not, which is consistent with her claim that the Sonara Rd property is her homestead. Moreover, the debtor has always been insured as an owner of the Sonara Rd property. Additionally, the proofs of claim that have been filed in this case show that Mrs. Mitchell's creditors sent her bills to the Sonara Rd address.

Ms. Mitchell has significant medical issues and her medical providers are located in Meridian. Ms. Mitchell is 78-years old, is still able to drive during daylight hours, and wishes to maintain her independence. The apartment allows her to take care of her own medical appointments and gives her a place to stay if she cannot drive back in the dark. The distance between the Sonara Rd property and her medical providers in Meridian is 37 miles each way, which Ms. Mitchell can easily drive during daylight hours but she cannot see to drive that same road at night. Ms. Mitchell has treated the Meridian apartment as a short-term rental since she moved into the Sonara Rd property.

When Ms. Mitchell filed this chapter 7 case, she listed the Sonara Rd property as her residence. She listed the Sonara Rd residence on Schedule A/B and claimed the homestead exemption on Schedule C. She listed her mortgage obligation to Mr. Cooper on Schedule D. On Question 2 of the Statement of Financial Affair she asserted that she had not lived at any other addresses. Lastly, on the Statement of Intention, Ms. Mitchell indicated that she wanted to retain the Sonara Rd. property.

The debtor's bankruptcy schedules clearly evidence an intent to not abandon the homestead in the Sonara Rd residence. The debtor's Meridian apartment is nothing more than a short-term rental that helps this debtor independently manage her medical appointments in a cost-effective manner. The debtor's desire to manage her own healthcare is a reasonable explanation for the temporary absence from the homestead and maintaining the apartment on a short-term basis is more cost-effective than renting a hotel room or using medical transportation services.

Lastly, there is also no evidence that the debtor had an actual intent to abandon the Sonara Rd homestead and she has not been away from the property for a period of six months or longer to trigger the presumption of abandonment. In short, this Court should find that Ms. Mitchell's claim of a homestead exemption in the Sonara Rd. residence is valid under this Court's precedent in *Millsap, Salinas*, and *Couch-Russell.*

*CONCLUSION*

For the above-stated reasons the debtor respectfully requests that the Court overrule the trustee's objection to her claim of a homestead exemption in the Sonara Rd property. Furthermore, the Debtor requests an evidentiary hearing at the Court's earliest convenience.

Dated: August 4, 2021

*/s/ Alexandra O. Caval*
Attorney for the Debtor

RESPONSE TO TRUSTEE'S OBJECTION – PAGE 8

### ***CERTIFICATE OF SERVICE***

I, HEREBY CERTIFY that on August 4, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

Tim Kurtz
trk@kurtztrustee.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

| | | |
|---|---|---|
| Angelina Mitchell | ___ | U.S. Mail |
| 2462 N Locust Grove Rd | ___ | Hand Delivered |
| Meridian, ID 83646 | _X_ | Email |
| | ___ | Fax |

/s/ Alexandra O. Caval
Alexandra O. Caval, Attorney for the Debtor