Mitchell                                                                                                                    21-00086-JMM

**Fill in this information to identify your case:**

Debtor 1: Angelina (First Name)  Audrey (Middle Name)  Mitchell (Last Name)

Debtor 2: ___ (First Name)  ___ (Middle Name)  ___ (Last Name)

United States District Court for the District of Idaho

Case number (If known): 21-00086-JMM

☐ Check if this is an amended plan, and list below the sections of that plan that have been changed.

___
___
___

# Idaho Form Chapter 13 Plan

1/19

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the bankruptcy court. The bankruptcy court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters are of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ◯ Included | ● Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest, set out in Section 3.4 | ◯ Included | ● Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ◯ Included | ● Not included |
| 1.4 | Discharge: Debtor 1 is eligible for discharge of debts | ◯ Eligible | ● Not eligible |
|  | Discharge: Debtor 2 is eligible for discharge of debts | ◯ Eligible | ◯ Not eligible |

Mitchell                                                                                                          21-00086-JMM

### Part 2: Plan Payments and Length of Plan

**2.1** No later than thirty (30) days after the date the bankruptcy petition is filed or the case converted to Chapter 13, debtor(s) will commence making regular payments to the trustee as follows:

$ $800.00  per month  for 60  months

The Applicable Commitment Period is 36 months. Debtor(s) may not pay off this plan in less than the term of the plan without notice to interested parties and an opportunity for hearing before the court unless the plan pays all allowed unsecured claims in full.

**2.2** Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☒ Debtor(s) will make payments directly to the trustee.

Debtor(s) acknowledge that if the debtor(s) is/are ever more than thirty (30) days delinquent on any payment due under this Section 2.1, upon request of the trustee, or request of the debtor(s) at any time, a payroll deduction order to debtor(s)' employer may immediately be issued.

**2.3** Income tax refunds.

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) project income tax refunds during the term of this plan. During the Applicable Commitment Period, debtor(s) will turn over to trustee all net income tax refunds. At any time during the term of the plan, debtor(s) shall be entitled to use a tax refund to pay taxes due any other income taxing authority and/or reasonable tax return preparation fees, unless already budgeted. Upon a stipulation between the trustee and the debtor(s), approved by an order of the court, the debtor(s) may retain, in whole or in part, certain net income tax refunds during the term of the plan to facilitate the terms of this plan or to meet other reasonable and necessary needs of the debtor(s).

☒ Debtor(s) will treat income tax refunds as follows:

Debtor will retain the first $600.00 in tax refunds each year during the applicable commitment period. Debtor will turn over all tax refunds over $600.00 during the applicable commitment period.

**2.4** Additional payments.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☒ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

Debtor will refinance the real property located at 7933 W. Sonara Rd., Caldwell, ID 83607 within thirty-six (36) months of the date of conversion and pay all claims in full. If Debtor does not refinance the real property within 36 months of conversion, plan payments will increase to $1800.00 per month beginning in the 37th month of the plan to pay all claims in full.

**2.5** The trustee, for cause, may defer not more than two monthly payments per calendar year and not more than four payments over the term of the plan, without further notice to parties or a hearing before the court.

### Part 3: Treatment of Secured Claims

**3.1** Maintenance of payments and cure of default, if any.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated in equal monthly installments over the term of the plan. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

Mitchell                                                                                                    21-00086-JMM

| Name of Creditor | Collateral | Current installment payment (including escrow) | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Estimated Total payments by trustee |
|---|---|---|---|---|---|
| Mr. Cooper | 7933 W. Sonora Road, Caldwell, ID 83607 | $ $1,677.00 | $ $0.00 | 0 % | $ $0.00 |

Disbursed by: ☐ Trustee    ☒ Debtor(s)

[+] [−]

3.2  Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.

   *Check one.*

   ☒ None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3  Secured claims excluded from 11 U.S.C. § 506.

   *Check one.*

   ☒ None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4  Lien Avoidance

   *Check one.*

   ☒ None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5  Surrender of collateral.

   *Check one.*

   ☒ None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6  Adequate Protection Payments.

   *Check one.*

   ☒ None. *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

3.7  Post-Petition Real Property Tax Payments.

   *Check one.*

   ☐ None. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

   ☒ Real property taxes are paid through escrow by debtor(s)' mortgage holder.

   ☐ Real property taxes are paid directly by the debtor(s).

**Part 4:    Treatment of Fees and Priority Claims**

4.1  General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without post-petition interest.

4.2  Trustee's fees

Trustee's fees are governed and paid as provided by 28 U.S.C. § 586.

4.3  Attorney's fees

   *Check one.*

   ☒ Model Retention Agreement Cases

Debtor(s)' attorney has elected to charge a fixed fee pursuant to the Model Retention Agreement, Local Rule 2016, of  $4,000 (not to exceed $4,000), exclusive of costs. Said attorney has received  $0  prior to filing hereof and is to be paid the remaining amount in monthly payments over the initial  6  months of distribution or in such longer period as is required to allow the trustee to make the set monthly installments as set forth in this plan.

Mitchell                                                                                                                                    21-00086-JMM

☐ Non Model Retention Agreement Cases

Fees and costs to the debtor(s)' attorney in an amount to be proven and allowed by the court not to exceed _____.

This is in addition to the fee retainer paid pre-petition in the amount of _____.

☐ a) payable in equal monthly installments over the initial _____ months of distribution, or in such longer period as is required to allow the trustee to make the set monthly installments.

☐ b) payable as funds become available.

4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*

☒ None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5 Domestic support obligations.

*Check one.*

☒ None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Name of creditor | Amount of claim to be paid |
|---|---|
|  | $ |

## Part 5: Treatment of Nonpriority Unsecured Claims

5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata from, the funds remaining after disbursements have been made to all other creditors provided for in this plan.

5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*

☒ None. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

5.3 Other separately classified nonpriority unsecured claims.

*Check one.*

☒ None. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☒ None. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

7.1 Property of the estate will vest in the debtor(s) upon

*Check the applicable box:*

☒ plan confirmation.

☐ entry of discharge.

☐ other: _____

## Part 8: Nonstandard Plan Provisions

Mitchell                                                                                           21-00086-JMM

**8.1  Check "None" or List Nonstandard Plan Provisions**

☒ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

### Part 9: Signatures

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**

X _Angelina Audrey Mitchell_                                X _____
Signature of Debtor 1                                       Signature of Debtor 2
Date  September 29, 2021                                    Date

X _Holly Sutherland_                                        Date  9/29/2021
Signature of Debtor(s) Attorney

By filing this document, the Debtor(s), if not represented by an attorney, or debtor(s) attorney also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Idaho Form Chapter 13 Plan, other than any nonstandard provisions included in Part 8.

[Clear/Reset Form]