UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| In Re:<br><br>ANGELINA AUDREY MITCHELL,<br><br>Debtor. | Bankruptcy Case<br>No. 21-00086-JMM |
|---|---|

### AMENDED MEMORANDUM OF DECISION

**Appearances:**

    Timothy R. Kurtz, Boise, Idaho, Chapter 7 Bankruptcy Trustee

    Holly Sutherland, Avery Law, Meridian, Idaho, Attorney for Debtor

*Introduction*

Before the Court is chapter 7[1] Trustee, Timothy Kurtz's ("Trustee") Application for Payment of Administrative Fees and Costs ("Application"). Dkt. No. 74. Debtor, Angelina Mitchell ("Debtor"), objected to Trustee's Application, generally arguing that Trustee is not entitled to administrative fees because no disbursements were made to creditors before the case was converted to chapter 13. Dkt. No. 80. A hearing was held on December 28, 2021, with both parties making arguments, and the Court taking the matter under advisement. Dkt. No. 91. After considering the record, arguments of the parties,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

AMENDED MEMORANDUM OF DECISION–1

and applicable law, the following constitutes the Court's findings, conclusions, and disposition of the issue. Fed. R. Bankr. P. 7052; 9014.

## *Background and Facts*

Debtor filed her chapter 7 petition on February 18, 2021 and claimed a homestead exemption under Idaho Code § 55-1003 on a residential property located at 7933 Sonara Rd., Caldwell, Idaho 83607 ("Property") in the amount of $46,385.13. Dkt. No. 1. Trustee conducted 341(a) meetings of creditors on March 25, 2021 and April 22, 2021. *See* Dkt. Nos. 16 & 17. In these meetings, it became apparent that Debtor leased an apartment in Meridian, Idaho ("Apartment") that she resided in at least some of the time and the Property may not have been Debtor's primary residence. *Id.*

Debtor amended her Schedules A, C, and D on May 25, 2021, to claim a homestead exemption in the amount of $175,000 in the Property—the maximum amount allowed under Idaho Code § 55-1003. Dkt. No. 21. Trustee objected to Debtor's claim of a homestead exemption in the Property, arguing that the Property was not her principal residence under Idaho Code § 55-1004(1). Dkt. No. 32. On September 30, 2021, before the issue of Debtor's claim of a homestead exemption in the Property could be resolved, Debtor converted her case to chapter 13. Dkt. No. 57. Trustee did not recover any estate assets and did not make any disbursements to creditors during the chapter 7 case.

Trustee filed this Application on November 8, 2021, seeking fees in the amount of $4,000 pursuant to §§ 330(a) and 503(b). Dkt. No. 74. Although no property was recovered and no disbursements were made in the chapter 7 case, Trustee argues that he identified the Property as an asset of the estate that was not encumbered by a homestead

AMENDED MEMORANDUM OF DECISION–2

exemption and, if the case had not been converted to chapter 13, the Property would have been sold. *Id.* He further argues that proceeds from the sale of the Property would result in payment of all allowed unsecured claims. In turn, such disbursements would entitle Trustee to fees in the amount of $6,278 pursuant to § 326(a). *Id.* Trustee, however, voluntarily reduced the amount sought to $4,000 to reflect an amount that he believes is reasonable based on the time and effort that he and his staff spent administering the chapter 7 case. *Id.*

To support the amount requested, Trustee included what he referred to as a "Case Activity Worksheet" with this Application. *Id.* Because chapter 7 trustees are not required to keep detailed records of their administrative activities, Trustee's Case Activity Worksheet is comprised only of brief narratives and dates that administrative activities were performed in this case. *Id.* Regrettably, this information provides little guidance to the Court when evaluating the relationship between the fees sought by Trustee in the Application and the services that he provided in the chapter 7 case.

Debtor objected to Trustee's Application on December 2, 2021, arguing that Trustee did not recover any assets or make any disbursements to creditors in the chapter 7 case that would entitle him to compensation under § 326(a). Debtor contends that the changes made to § 330 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") require the Court to treat Trustee's compensation as a commission and, because no disbursements were made to creditors in the chapter 7 case, Trustee is not entitled to any compensation. Debtor further argues that, in the event the Court determines that an award of compensation may be made under a *quantum*

AMENDED MEMORANDUM OF DECISION–3

*meruit* theory of recovery, Trustee has not provided sufficient documentation to establish a reasonable value of the services provided in the chapter 7 case.

## *Discussion and Analysis*

The issue of a chapter 7 trustee's compensation in a case that has been converted to chapter 13 prior to any assets being recovered or disbursements being made to creditors remains inconsistently resolved by bankruptcy courts. Section 326(a) provides that in a chapter 7 case, "the court may allow reasonable compensation under section 330 . . . for the trustee's services." This section goes on to provide a statutory compensation scheme where a chapter 7 trustee is paid a percentage of all money disbursed or turned over to parties in interest, not including the debtor. Compensation under § 326(a) is "payable after the trustee renders such services."

Section 330, in turn, authorizes the bankruptcy court to award the trustee "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." § 330(a)(1). Congress made numerous changes to § 330 in 2005 as part of BAPCPA that are relevant to the determination of fees to which a chapter 7 trustee is entitled. First, Congress removed chapter 7 trustees from the list of individuals to which § 330(a)(3) is applicable. Section 330(a)(3) provides a list of relevant factors to be considered when determining the amount of reasonable compensation to be awarded to an examiner, chapter 11 trustee, or other professional person, and would not appear to be applicable when determining reasonable compensation for a chapter 7 trustee. *See In re Rowe*, 750 F.3d 392, 395–96 (4th Cir. 2014). Second, Congress added § 330(a)(7), which provides: "In determining the amount

AMENDED MEMORANDUM OF DECISION–4

of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on § 326."

### A. Determination of a Chapter 7 Trustee's Fees in General

The United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") thoroughly analyzed the changes made as part of BAPCPA in *Hopkins v. Recovery Management Corp. (In re Salgado-Nava)*, 473 B.R. 911 (9th Cir. BAP 2012). In *Salgado-Nava*—a case that originated in the district of Idaho—the chapter 7 trustee received the debtor's tax refunds after sending routine notices of the bankruptcy filing to the relevant taxing authorities. 473 B.R. at 913. Through the tax refunds, the trustee was able to recover $5,654 for payment to creditors and administrative expenses. *Id.* at 914. The trustee filed an application for fees pursuant to § 326(a) in the amount of $1,315.41 and the bankruptcy court requested that the trustee file supplemental information to support the application, including an itemization of the dates and time spent providing services in the case. *Id.* After a hearing on the application and supplemental information, the bankruptcy court awarded the trustee fees in the amount of $750, finding that the requested fees were unreasonable when considering the extent of the services provided. *Id.*

On appeal, the BAP recognized that published decisions following the addition of § 330(a)(7) have done little to assist courts in the evaluation of a chapter 7 trustee's compensation. *Id.* at 915. However, one view—supported by the Office of the United States Trustee—relies on the term "commission" to reason that the scheme contained in § 326(a) should be considered the standard of compensation for a chapter 7 trustee. *Id.* at

AMENDED MEMORANDUM OF DECISION–5

916. In its evaluation of § 330(a)(7), the BAP noted that this section is made up of an introductory dependent clause that is followed by an independent clause. *Id.* at 916. It reasoned that "the most natural reading of this provision is that the independent clause states a mandatory rule, while the dependent clause states when that rule applies." *Id.* The independent clause of § 330(a)(7), thus, requires bankruptcy courts to treat a trustee's fee request as if the trustee were requesting payment of a commission based on the rates contained in § 326(a) and, absent extraordinary circumstances, the dependent clause requires that a trustee's fees be presumed reasonable if they are requested at this statutory rate. *Id.* at 916, 920–21.

Relevant to the discussion here, the BAP recognized that bankruptcy courts may be confronted with extraordinary circumstances where the evaluation of the relationship between the commission rate contained in § 326(a) and the services rendered by the trustee can include the § 330(a)(3) factors and a lodestar analysis. *Id.* at 921. Without defining or indicating the extraordinary circumstances that would justify such an evaluation by the court, the BAP held that "a bankruptcy court that diminishes a trustee's compensation from the statutorily-set rate errs if the only basis offered for this diminution is a lodestar analysis." *Id.*

While the BAP did not provide an indication of what would constitute extraordinary circumstances, the Bankruptcy Court for the Eastern District of California, in *In re Scoggins*, 517 B.R. 206, 217 (Bankr. E.D. Cal. 2014), provided seven examples of situations that would warrant a reduction in a chapter 7 trustee's fee request in order to achieve a fee that is reasonable. The first three of these situations are recognized in the

AMENDED MEMORANDUM OF DECISION–6

U.S. Trustee Handbook and exist when: (1) the case administration falls below acceptable standards; (2) trustee duties are delegated to an attorney or other professional; and (3) the trustee's fees are greater than the amount left for unsecured claims. *Id.* (citing U.S. Trustee, HANDBOOK FOR CHAPTER 7 TRUSTEES, ch. 2-1 at 39); *see also Rowe*, 750 F.3d at 397.

The next three situations are suggested by the *Collier* treatise and exist where the amount of "moneys disbursed" by the trustee may be very high in relation to the services performed, resulting in overcompensation when the commission rate in § 326(a) is applied. *Id.* (citing 3 COLLIER ON BANKRUPTCY ¶ 330.02[1][a] (Alan N. Resnick & Henry J. Sommer, 16th ed.)). These situations may include: "(4) a case filed with a lot of cash or liquid assets; (5) a case in which the trustee operates the business; and (6) cases in which there are significant disbursements without proportionate effort by the trustee." *Id.* Lastly, there are situations where over-encumbered property would usually be abandoned due to its inconsequential value and limited benefit to the estate, but there is "(7) artificial inflation of the estate by way of 'carve-out' or short-sale'" of the property arranged by the trustee. *Id.* With these examples in mind, the *Scoggins* court stated that "'extraordinary' as used in *Salgado-Nava* and *Rowe* means 'out-of-the-ordinary' or 'atypical' but not 'rare and unusual.'" *Id.* at 218.

The Fourth Circuit, in *Rowe*, agreed with the Ninth Circuit BAP and held that "absent extraordinary circumstances, a chapter 7 trustee's fee award must be calculated on a commission basis, as those percentages are set forth in § 326(a)." 750 F.3d at 397. With respect to extraordinary circumstances that would allow a bankruptcy court to

AMENDED MEMORANDUM OF DECISION–7

conduct a further evaluation, the Fourth Circuit noted the U.S. Trustee Handbook states that "[e]xtraordinary factors are expected to arise only in rare and unusual circumstances." *Id.* at 397 (quoting HANDBOOK FOR CHAPTER 7 TRUSTEES, ch. 2-1 at 39). These may be situations "where the trustee's case administration falls below acceptable standards or where it appears that the trustee has delegated a substantial portion of his or her duties to an attorney or other professional." *Id.* The Fourth Circuit then stated that a bankruptcy court must first determine the statutory commission under § 326(a) that the trustee is entitled to receive. *Id.* at 398. Only after doing that can the bankruptcy court determine whether extraordinary circumstances exist that would render the statutory commission unreasonable. *Id.* at 398–99.

The Fifth Circuit, however, has developed an approach that substantially limits a bankruptcy court's review of a chapter 7 trustee's fee application. *See In the Matter of JFK Cap. Holdings, L.L.C.*, 880 F.3d 747 (5th Cir. 2018). The Fifth Circuit, in *JFK Capital*, noted that Congress made clear that a trustee's compensation should be determined on a percentage basis pursuant to § 326(a), rather than a factor-based assessment of the trustee's services, when it removed chapter 7 trustees from § 330(a)(3). *Id.* at 754. The Fifth Circuit reasoned that the inclusion of the words "based on" in § 330(a)(7) treats the commission as a fixed percentage, where the rates contained in § 326(a) are not only a maximum, but a baseline presumption for reasonableness in each case. *Id.* at 755. Although a reduction or denial of compensation at the bankruptcy court's discretion remains possible under §§ 330(a)(1) and 330(a)(4), the Fifth Circuit stated that this should be a rare event. *Id.* at 756.

AMENDED MEMORANDUM OF DECISION–8

The situation before this Court presents a different issue than the cases above discussing the effect of BAPCPA on a chapter 7 trustee's compensation in general. Here, Trustee did not recover any assets or make any disbursements to creditors in the chapter 7 case but it is apparent to the Court that Trustee expended substantial efforts in investigating and objecting to Debtor's claim of a homestead exemption in the Property. In fact, Trustee sought the services of an attorney to assist with this investigation and scheduled several depositions to support his objection to the homestead exemption. It was only after these efforts that Debtor converted her case to chapter 13.

While it is apparent to the Court that Trustee expended substantial efforts in investigating and objecting to the homestead exemption, it was Trustee's duty to perform these tasks. Section 704 expressly requires a trustee to "collect and reduce to money the property of the estate for which such trustee serves" and to "investigate the financial affairs of the debtor." Again, the above cases discuss extraordinary circumstances in the context of a bankruptcy court's reduction in the chapter 7 trustee's fees. Here, the Court is being asked to award fees to a chapter 7 trustee who did not make any disbursements to creditors and did not turnover property of the estate, but diligently performed his duties until the case was converted. This introduces a situation where the Court is being asked to recognize that extraordinary circumstances are present to warrant awarding fees to Trustee when § 326(a) provides none. With this in mind, the Court must look to a theory of recovery other than § 326(a).

AMENDED MEMORANDUM OF DECISION–9

### B. Determination of a Chapter 7 Trustee's Fees on a Quantum Meruit Theory of Recovery

Trustee's request for fees of $4,000, representing an amount that he feels is reasonable based on the time and effort put forth in the chapter 7 case, can best be classified as a request based on a *quantum meruit* theory of recovery. Both prior and subsequent to the enactment of BAPCPA, courts have awarded fees on a *quantum meruit* theory to chapter 7 trustees in cases that have been converted to chapter 13. *See In re Berry*, 166 B.R. 932, 934–35 (Bankr. D. Or. 1994); *In re Moore*, 235 B.R. 414, 416–17 (Bankr. W.D. Ky. 1999); *In re Mazon*, No. 05-42215, 2006 WL 3106708, at *2–3 (Bankr. D. Idaho Oct. 30, 2006) (citing *In re Andona*, 00.2 I.B.C.R. 105, 105 (Bankr. D. Idaho 2000)); *In re Hall*, No. 20-20132, 2020 WL 10731233, at *2 (Bankr. S.D. Ala. Dec. 22, 2020). In so holding, these courts have refused to impose such a severe reduction to the chapter 7 trustee's fees where the trustee had performed substantial services to benefit the estate but did not actually disburse any money to creditors. *In re Mazon*, 2006 WL 3106708 at *2.[2]

In *Mazon*, one of the few cases in this district discussing this issue, the chapter 7 trustee identified numerous fraudulent transfers made by the debtors and objected to the debtors' claim of a homestead exemption. 2006 WL 3106708 at *1. Before these issues could be resolved, however, the debtors converted their case to chapter 13. *Id.* Following

---

[2] The Trustee directs this Court to its prior order entered in *In re Daniel Reed Scott*, 19-41162, where the Court entered an order allowing the chapter 7 trustee to receive $2,500 from his services after the chapter 7 was converted to a chapter 13. This order was entered approving an agreement reached by the parties in the bankruptcy case. No party in interest objected to the agreement and the Court was not asked to analyze the same issues raised in the case at bar. That case is limited to its particular facts. Further this Court is not precluding the ability of a trustee to obtain relief if, unlike here, extraordinary circumstances are present.

AMENDED MEMORANDUM OF DECISION–10

conversion, the chapter 7 trustee applied for compensation based on the number of hours worked in the chapter 7 case. *Id.* The court recognized that compensation for chapter 7 trustees is governed by §§ 326(a) and 330, but that these two sections operate independently. *Id.* at *2. The court then observed that "a chapter 7 trustee who provides actual, reasonable and necessary services is entitled to compensation under § 330(a), and is not limited by the § 326(a) cap to amounts turned over to the chapter 13 trustee." *Id.* Because the chapter 7 trustee's time entries reflected services that were actual, necessary, and potentially beneficial to the creditors and the estate, the court awarded the fees requested by the trustee. *Id.* at *3. Relevant there, the court noted that the amount of time spent was consistent with the services described in the trustee's time narratives and the trustee's requested hourly rate was reasonable under the circumstances. *Id.*

Debtor argues that the changes made to § 330 in 2005 as part of BAPCPA and the guidance provided by the BAP in *Salgado-Nava* prevent this Court from awarding fees to Trustee under a *quantum meruit* theory. While the addition of § 330(a)(7) generally requires courts to treat a chapter 7 trustee's compensation as a commission, the BAP recognized in *Salgado-Nava* that extraordinary circumstances may permit a bankruptcy court to evaluate the relationship between the commission sought and the type and level of services rendered. 473 B.R. at 921. The BAP noted that this "construction of § 330(a)(7) generally is consistent with the overall purpose of § 330, pursuant to which Congress sought to balance the general bankruptcy interest of conserving estate assets with the goal of fairly compensating bankruptcy trustees and professionals." *Id.*

AMENDED MEMORANDUM OF DECISION–11

The Court is mindful that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of" the Code. *Law v. Siegel*, 571 U.S. 415, 421, 134 S. Ct. 1188, 1194 (2014) (quoting *Northwest Bank Washington v. Ahlers*, 485 U.S. 197, 206, 108 S. Ct. 963, 969 (1988)). Pursuant to this mandate, bankruptcy courts may not contravene specific statutory provisions of the Code in exercising their authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Code. *Id.* at 420–21, 134 S. Ct. at 1194. Nearly all published decisions regarding the determination of a chapter 7 trustee's fees in a case that has been converted without any disbursements to creditors recognize that the statutory scheme at issue is not a model of clarity and does not provide an explicit rule for how to calculate a chapter 7 trustee's compensation in a case that has been converted. *See In re Phillips*, 507 B.R. 2, 5 (Bankr. N.D. Ga. 2014). While it is incumbent on this Court to exercise its equitable powers within the confines of the Code, it is apparent that Congress did not provide a statutory basis for resolving the issue here and a strict reading of §§ 326(a) and 330 would result in an outcome inconsistent with the overall purpose of § 330.

### C. Determination of Trustee's Fees in This Case

The Court recognizes that Trustee expended substantial efforts in objecting to Debtor's homestead exemption prior to the case being converted to chapter 13 and that Debtor's confirmed chapter 13 plan provides for the payment of all allowed unsecured claims, arguably due to Trustee's efforts in the chapter 7 case. However, these efforts were performed pursuant to Trustee's statutory duties under § 704 and the Court finds

AMENDED MEMORANDUM OF DECISION–12

that these circumstances are not so extraordinary as to justify an award of fees to Trustee beyond the commission rates contained in § 326(a). Moreover, Trustee's Application is based on speculation and his supporting documentation is lacking.

This situation is materially different than the extraordinary circumstances recognized by other courts to-date, where the chapter 7 trustee did make disbursements that would entitle the trustee to a commission, yet the situation warranted a reduction in the fees sought. Here, Trustee made no disbursements and did not hand over any property to the chapter 13 trustee that would enable the Court to calculate the statutory commission earned pursuant to § 326(a). Instead, Trustee is asking the Court to increase his fee by applying a *quantum meruit* theory of recovery to compensate him for services performed pursuant to his statutory duty in the chapter 7 case. In denying his Application under these facts, the Court is not taking any position about whether a finding of extraordinary circumstances would allow recovery in a case that is converted. Rather, in this case, the Court holds that extraordinary circumstances are not present to permit an award of fees beyond those sanctioned under § 326(a).

In his Application, Trustee begins with the fees to which he would be entitled under § 326(a) had the Property been sold and $60,564 disbursed to the unsecured creditors in the chapter 7 case. Dkt. No. 74. From that figure of $6,278, he voluntarily reduces the amount sought to $4,000, which reflects an amount he believes is reasonable based on the time and effort that he and his staff spent administering the chapter 7 case. *Id.* Trustee's contention that he would be entitled to a statutory fee of $6,278 if he sold the Property is pure speculation, however. First, while there are facts present to indicate

AMENDED MEMORANDUM OF DECISION–13

that his objection to the homestead exemption may have been successful, that result is still based on conjecture. Second, Trustee assumes that the sale of the Property would net an amount sufficient to fully pay all unsecured creditors.

Further, Trustee has not provided adequate documentation to support a request for fees on a *quantum meruit* theory. In Idaho, recovery under this theory is measured by "the reasonable value of the services rendered or of goods received, regardless of whether the defendant was enriched." *Barry v. Pac. West Const., Inc.*, 140 Idaho 827, 834, 103 P.3d 440, 447 (2004) (quoting *Erickson v. Flynn*, 138 Idaho 430, 434–35, 64 P.3d 959, 963–64 (Ct. App. 2002)). Where a bankruptcy court awards fees in an amount different than those provided for in § 326(a), it should make detailed findings of fact explaining the rational relationship between the fees sought and the services rendered. *See In re Rowe*, 750 B.R. at 399 (quoting In re Salgado-Nava, 473 B.R. at 921). To support his request for the fees he believes are reasonable, Trustee provided a Case Activity Worksheet comprised only of brief narratives and dates that administrative activities were performed in the chapter 7 case. Dkt. No. 74, Ex. A. Trustee also included $4.20 in administrative costs he incurred during the chapter 7 case but does not provide any indication of the reason for these costs. *Id.*

Although Trustee voluntarily reduced the amount sought to $4,000, he still fails to provide adequate support for the number of hours worked on this case. It is apparent from the narratives contained in the Case Activity Worksheet that Trustee and an administrative assistant worked on the case over a period of approximately six months, but there is no indication of the number of hours worked by Trustee or his staff during

AMENDED MEMORANDUM OF DECISION–14

this period. Trustee states that his hourly rate is $225 per hour and his administrative assistant's rate is $50, but the Court cannot discern from the Case Activity Worksheet how many hours were worked and thus cannot calculate reasonable compensation for Trustee in this case. The case law calls upon the Court to make detailed findings of fact regarding the fees sought and the services rendered. On this record, however, the Court cannot do so.

## *Conclusion*

While Trustee expended substantial efforts in investigating and objecting to Debtor's claimed homestead exemption, these efforts were made pursuant to his statutory duties contained in § 704 and Debtor's conversion of the case to chapter 13 before the issue of the homestead exemption could be resolved is not an extraordinary circumstance that would permit this Court to look beyond the commission rates contained in § 326(a). The Court is sympathetic to the predicament Trustee faced in this case. Here he was required by statute to administer the chapter 7 case, which, upon his investigation and efforts led to the objection to the claimed homestead exemption. But the Debtor reacted to these efforts by voluntarily converting her case to a chapter 13, an act that Congress permits under the Bankruptcy Code. *See* § 706(a). Trustee's argument is further hampered by the fact that Congress, under § 706(a), permitted such conversion at <u>any</u> time, thereby underscoring that a chapter 7 case may have progressed a substantial amount of time before the conversion was selected. Thus, the dilemma Trustee faced here is not unanticipated under the Code.

AMENDED MEMORANDUM OF DECISION–15

Even if the Court were to find that extraordinary circumstances were present, however, Trustee has not provided sufficient documentation to establish a reasonable value of the services provided in the chapter 7 case to award fees on a *quantum meruit* theory, and the Court refuses to speculate as to the outcome of the homestead issue or the reasonable value of the services provided.

A separate order will be entered.

DATED: March 4, 2022

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

AMENDED MEMORANDUM OF DECISION–16